UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CHARLES MEDINA,              )
   Plaintiff,               )
                             )
vs.                          )    No. 16-2256
                             )
MICHAEL DOWNY, et. al.,      )
   Defendants               )

MERIT REVIEW ORDER

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff says five Defendants at the Jerome Combs Detention Center violated his constitutional rights including Sheriff Michael Downy, Lieutenant Tofari, Deputy Juergens, Deputy Denault and Deputy Villafuerte. Plaintiff says he was a federal pretrial detainee at the facility on May 18, 2016 when Deputies Juergens and Denault ordered him to submit to a strip search. The officers refused to state the basis of the search and Plaintiff told them he should not be subjected to a strip search as a pretrial detainee.

Plaintiff claims the officers swore at him and told him to get naked. Plaintiff was afraid he might be attacked and therefore he lay down on the floor with his hands behind his head. Nonetheless, Plaintiff admits he did not comply with the Defendants' orders. Lieutenant Tofari entered the area and Deputy Juergens reported the Plaintiff refused to be strip searched. The Deputy told Plaintiff he would use a taser, and Plaintiff then got up and removed his pants.

Deputy Villafuerte told Plaintiff to hand them over and Plaintiff pushed them with his foot. Plaintiff admits he still had on his shoes, socks, t-shirt and uniform shirt. Plaintiff says before he could comply with the order to remove the rest of his clothes, Deputy Villafuerte said, "Fuck it, taze him." (Comp, p. 6). Deputy Juergens then deployed the taser into Plaintiff's thigh and told him to get on the floor. The deputy then "jumped on my back with his knees in my back and then Deputy Denault handcuffed me." (Comp, p. 6).

Plaintiff says he was bleeding from his thigh and asked Defendant Villafuerte for medical attention, but he was only provided with alcohol pads and a band aid.

Plaintiff was moved to an isolation cell which he claims was filthy, smelled of urine, had no running water and no working toilet. Plaintiff was refused cleaning supplies. In addition, Plaintiff says he notified Defendants Tufari, Juergens, Villafuerte and Denault about his living conditions, but nothing was done for five days. Plaintiff sent a grievance to Sheriff Downy, but received no response. On May 23, 2016, Plaintiff informed another officer that his toilet was not working and it was fixed that day. Plaintiff was released from isolation on May 27, 2016.

Plaintiff claims he was exempt from strip searches due to his position as a pretrial detainee. The Plaintiff is mistaken. A pretrial detainee maybe subjected to a strip search as long as the search was reasonable. *See e.g., Florence v. Bd. of Chosen Freeholders of Cty. of Burlington*, 132 S. Ct. 1510, 1523 (2012) (holding that routine visual strip-searches of pretrial detainees, without individualized suspicion that a detainee was concealing contraband, were reasonable under the Fourth Amendment). It is not entirely clear from his complaint, but it appears the strip search was never conducted. The Plaintiff has not clearly articulated a constitutional violation based on his allegation that he was asked to submit to a strip search. If the Court is mistaken, Plaintiff may file an amended complaint to clarify his claims.

Plaintiff next alleges the officers used excessive force against him when they used a taser and then jumped on his back. The Seventh Circuit has recognized that "[i]nmates cannot be permitted to decide which orders they will obey, and when they will obey them." *Soto v Dickey*, 744 F.2d 1260, 1270 (7th Cir. 1984).  Therefore, when an inmate repeatedly refuses to follow an order, "some means must be used to compel compliance, such as a chemical agent or physical force." *Id.*  While Plaintiff did not immediately comply with the deputies' commands, he alleges he was attempting to comply when deputies became annoyed and decided to use the taser.  Based on his allegations, Plaintiff has adequately alleged a constitutional violation.  Plaintiff alleges Deputy Villafuerte gave the command and Deputy Juergens deployed the taser.

Plaintiff next alleges he was denied medical care, but he has not alleged he was suffering from a serious medical condition, nor that he was denied treatment.  Plaintiff says he was bleeding on his thigh after the taser was used and he was provided with an alcohol pad to clean the area and a band aid.  Plaintiff does not report any other symptoms.  Based on the pleading, Plaintiff has not alleged a constitutional violation.

Plaintiff has alleged Defendants Tufari, Juergens, Villafuerte and Denault violated his constitutional rights based on his living conditions in the isolation cell.  Plaintiff says he sent a grievance to the Sheriff, but never received a response.  Failure to respond to a grievance alone is not a basis for liability. Instead, Plaintiff must "show that the defendants were personally responsible for the deprivation of their rights." *Wilson v. Warren Cty., Illinois*, 2016 WL 3878215, at *3 (7th Cir. 2016).

Finally, Plaintiff has filed a motion for appointment of counsel.[5]  The Plaintiff has no constitutional or statutory right to the appointment of counsel in this case.  In considering the Plaintiff's motion, the court asks: "(1) has the indigent Plaintiff made a reasonable attempt to

obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote,* 503 F.3d 647, 654-55 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.1993). The Plaintiff has not provided any evidence demonstrating he has attempted to find counsel on his own such as a list of attorneys contacted or copies of letters sent or received. Therefore, the motion is denied with leave to renew. [5]

IT IS THEREFORE ORDERED that:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges: a) Deputy Villafuerte and Deputy Juergens used excessive force when they used a taser against Plaintiff on May 18, 2016; and, b) Defendants Tufari, Juergens, Villafuerte and Denault violated Plaintiff's constitutional rights based on his living conditions in the isolation cell. The claims are stated against the Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order,

Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Dismiss Defendant Sheriff Michael Downy for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 2) Deny Plaintiff's motion for appointment of counsel with leave to renew [5] and deny Plaintiff's motion for a status update as moot [7[;   3) Attempt service on Defendants pursuant to the standard procedures; 4) set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines and 5) enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act**

ENTERED this 8th day of December, 2016.

s/ James E. Shadid

_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE